MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSE DELGADO and FRANCESCO BOVE,
*individually and on behalf of others similarly situated,*

                     *Plaintiffs*,

        -against-

J. SILVA SPRINKLER AND PLUMBING
OF NEW YORK CORP. (D/B/A J. SILVA
SPRINKLER & PLUMBING) and GABRIEL
GONZALEZ ,

                     *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Jose Delgado and Francesco Bove, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against J. Silva Sprinkler and Plumbing of New York Corp. (d/b/a J. Silva Sprinkler & Plumbing), ("Defendant Corporation") and Gabriel Gonzalez, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

    1.    Plaintiffs are former employees of Defendants J. Silva Sprinkler and Plumbing of New York Corp. (d/b/a J. Silva Sprinkler & Plumbing) and Gabriel Gonzalez.

    2.    Defendants own, operate, or control a plumbing company, located at 146-74 Northern Blvd., Flushing, 11102 under the name "J. Silva Sprinkler & Plumbing."

3. Upon information and belief, individual Defendant Gabriel Gonzalez, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the plumbing company as a joint or unified enterprise.

4. Plaintiffs were employed as plumbers at the plumbing company located at 146-74 Northern Blvd, Flushing, 11102.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked.

6. Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a plumbing company located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14. Plaintiff Jose Delgado ("Plaintiff Delgado" or "Mr. Delgado") is an adult individual residing in Queens County, New York.

15. Plaintiff Delgado was employed by Defendants at J. Silva Sprinkler and Plumbing of New York from approximately June 24, 2019 until on or about February 2020.

16. Plaintiff Francesco Bove ("Plaintiff Bove" or "Mr. Bove") is an adult individual residing in Queens County, New York.

17. Plaintiff Bove was employed by Defendants at J. Silva Sprinkler and Plumbing of New York from approximately July 1, 2019 until on or about February 22, 2020.

*Defendants*

18. At all relevant times, Defendants owned, operated, or controlled a plumbing company, located at 146-74 Northern Blvd., Flushing, 11102 under the name "J. Silva Sprinkler and Plumbing of New York Corp.".

19. Upon information and belief, J. Silva Sprinkler and Plumbing of New York Corp. (d/b/a J. Silva Sprinkler & Plumbing) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 146-74 Northern Blvd., Flushing, 11102.

20. Defendant Gabriel Gonzalez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gabriel Gonzalez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Gabriel Gonzalez possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants operated a plumbing company located in the Flushing section of Queens.

22. Individual Defendant, Gabriel Gonzalez, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant Gabriel Gonzalez operated Defendant Corporation as either an alter ego of himself and/or failed to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

29. In each year from 2019 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the plumbing company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

31. Plaintiffs are former employees of Defendants who were employed as plumbers.

32. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Delgado*

33. Plaintiff Delgado was employed by Defendants from approximately June 24, 2019 until on or about February 2020.

34. Defendants employed Plaintiff Delgado as a plumber.

35. Plaintiff Delgado regularly handled goods in interstate commerce, such as plumbing tools and other supplies produced outside the State of New York.

36. Plaintiff Delgado's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Delgado regularly worked in excess of 40 hours per week.

38. From approximately June 2019 until on or about January 2020, Plaintiff Delgado worked from approximately 7:00 a.m. until on or about 5:30 p.m., Mondays through Fridays and from approximately 9:00 a.m. until on or about 3:00 p.m., on Saturdays (typically 53 hours per week).

39. From approximately the month of February 2020, Plaintiff Delgado worked from approximately 7:00 a.m. until on or about 4:00 p.m., Mondays through Fridays and from approximately 9:00 a.m. until on or about 3:00 p.m., on Saturdays (typically 45.5 hours per week).

40. Throughout his employment, Defendants paid Plaintiff Delgado his wages in cash.

41. From approximately June 2019 until on or about February 2020, Defendants paid Plaintiff Delgado $22.00 per hour.

42. For approximately one week, Defendants did not pay Plaintiff Delgado any wages for his work.

43. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Delgado regarding overtime and wages under the FLSA and NYLL.

44. Defendants did not provide Plaintiff Delgado an accurate statement of wages, as required by NYLL 195(3).

45. Defendants did not give any notice to Plaintiff Delgado, in English and in Spanish (Plaintiff Delgado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Francesco Bove*

46. Plaintiff Bove was employed by Defendants from approximately July 1, 2019 until on or about February 22, 2020.

47. Defendants employed Plaintiff Bove as a plumber.

48. Plaintiff Bove regularly handled goods in interstate commerce, such as plumbing tools and other supplies produced outside the State of New York.

49. Plaintiff Bove's work duties required neither discretion nor independent judgment.

50. Throughout his employment with Defendants, Plaintiff Bove regularly worked in excess of 40 hours per week.

51. From approximately July 1, 2019 until on or about December 2019, Plaintiff Bove worked from approximately 7:00 a.m. until on or about 5:30 p.m., 5 days per week and from approximately 8:00 a.m. until on or about 3:00 p.m., 1 day per week (typically 59.5 hours per week).

52. For approximately the month of January 2020, Plaintiff Bove worked from approximately 7:00 a.m. until on or about 4:30 p.m., 5 days a week and from approximately 8:00 a.m. until on or about 3:00 p.m., 1 day a week (typically 54.5 hours per week).

53. For approximately the month of February 2020, Plaintiff Bove worked from approximately 7:00 a.m. until on or about 3:30 p.m., 5 days a week and from approximately 8:00 a.m. until on or about 3:00 p.m., 1 day a week (typically 49.5 hours per week).

54. Throughout his employment, Defendants paid Plaintiff Bove his wages in cash.

55. From approximately July 2019 until on or about February 22, 2020, Defendants paid Plaintiff Bove $18.00 per hour.

56. For approximately one week, Defendants did not pay Plaintiff Bove any wages for his work.

57. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bove regarding overtime and wages under the FLSA and NYLL.

58. Defendants did not provide Plaintiff Bove an accurate statement of wages, as required by NYLL 195(3).

59. Defendants did not give any notice to Plaintiff Bove, in English and in Spanish (Plaintiff Bove's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60. Defendants required Plaintiff Bove to purchase "tools of the trade" with his own funds—including several drills, cutting machines, gloves and one mask.

*Defendants' General Employment Practices*

61. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

62. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

63. Defendants paid Plaintiffs their wages in cash.

64. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

66.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

68.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

70.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

71. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

72. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

73. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

74. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

75. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

77. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

80. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

86. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

87. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

89. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

90. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91. Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

92. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

93. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

94. Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

95. Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(d) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(h) Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(i) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(j) Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(k) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(l) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(m) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 11, 2020

                         MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 30, 2020

BY ELECTRONIC SIGNATURE

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Jose Delgado

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:            _[signature]_

Date / Fecha:               30 de junio de 2020

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 24, 2020

BY ELECTRONIC SIGNATURE

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Francesco Bove

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   _[signature]_

Date / Fecha:   24 de Junio de 2020

*Certified as a minority-owned business in the State of New York*